OPINION
This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court classifying defendant-appellant, Carlo A. Ramsey, as a "habitual sexual offender" thereby requiring him to register in accordance with R.C. 2950.03.
Appellant was convicted of a number of charges, including: two counts of attempted rape, in violation of R.C. 2923.02; four counts of gross sexual imposition, in violation of R.C. 2907.05; and, two counts of illegal use of a minor in nudity oriented material or performance, in violation of 2907.323. Appellant is currently serving an indefinite incarceration term of not less than four years nor more than fifteen years for attempted rape; an indefinite incarceration term of not less than three years nor more than fifteen years for illegal use of a minor in nudity oriented material or performance; and, a definite incarceration term of two years for gross sexual imposition. These sentences are being served concurrently.
The Ohio Department of Rehabilitation and Correction recommended appellant be classified as a sexual predator. The trial court thereafter conducted a sexual predator hearing pursuant to R.C. 2950.09. Upon completion of this hearing, the trial court classified appellant as a "habitual sexual offender," and further held that he was subject to the notification requirements of R.C. 2950.03. This appeal followed.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN FINDING ORC 2950.01
ET SEQ. CONSTITUTIONAL AS APPLIED TO DEFENDANT-APPELLANT, WHO WAS CONVICTED AND SENTENCED PRIOR TO JULY 1, 1997."
Under appellant's first assignment of error, there are three issues raised for this court's review. The first issue reads:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE PROHIBITIONS AGAINST EX POST FACTO LAWS AND/OR RETROACTIVE LAWS FOUND IN THE UNITED STATES AND OHIO CONSTITUTIONS."
Appellant essentially argues that R.C. 2950.01 et seq. violates the prohibitions against ex post facto laws and the retroactivity clause and is therefore unconstitutional. Appellant cites Statev. Cook (August 7, 1997), Allen App. No. 1-97-21, unreported, wherein the court found the statute to be unconstitutional on similar grounds.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court reviewed the appellate court's decision and determined that R.C. 2950.01 et seq., did not violate either the ex post facto
clause nor the retroactivity clause of the constitution. In so finding, the Ohio Supreme Court reversed the appellate decision and reinstated the trial court's decision. Therefore, 2950.01 etseq. does not unconstitutionally violate the ex post facto
clause, nor the retroactivity clause.
Appellant's first issue is found to be without merit.
Appellant's second issue reads:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE DOUBLE JEOPARDY PROVISION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF THE OHIO CONSTITUTION."
Appellant cites State v. Gustafson (1996), 76 Ohio St.3d 425, where the Ohio Supreme Court held that the double jeopardy clause prohibits multiple punishments for the same offense. Appellant argues that the statute in question punishes those labeled under the statute a second time, thereby violating the double jeopardy clause.
Although the Ohio Supreme Court did not specifically address the constitutionality of R.C. 2950.01 et seq. as it relates to the double jeopardy provision, it did hold that R.C. 2950.01 etseq. was not punitive in nature. Cook, supra. Therefore, such classification did not operate as a multiple punishment, and did not violate the double jeopardy provision.
Appellant's second issue is found to be without merit.
Appellant's third issue reads:
 "WHETHER THE TRIAL COURT'S CLASSIFYING THE APPELLANT AS A "HABITUAL SEXUAL OFFENDER,' VIOLATED THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF ARTICLE I, SECTION 2, OF THE OHIO CONSTITUTION."
Appellant argues that the labeling requirements of R.C. 2950.01et seq. impair his fundamental right to privacy. Furthermore, appellant maintains that this statute classifies groups of people differently based upon whether they are convicted of a crime and still incarcerated as opposed to those released or on parole. Therefore, appellant maintains, the equal protection clause is violated and the statute should be struck down as unconstitutional.
In State v. Woodburn (March 23, 1999), Columbiana App. No. 98 C.O. 6, unreported, this court addressed the same issue and held that R.C. 2950.01 et seq. did not unconstitutionally violate the equal protection clause.
Appellant's third issue is found to be without merit.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
VUKOVICH, J., concurs.
WAITE, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE